By the Court.

If this were a new question, the argument for the plaintiff would be entitled to great consideration. ■ Btit the practice is settled and universal. The usage is established, and in its operation must be sometimes favorable to one side, and sometimes to the other. It is of importance, particularly in commercial causes, to adhere to general rules. There would, too, on this question, be great inconvenience in investigating each case by°itself. We think the rule binding in all cases, and that the three instances adduced *236 by the plaintiff of adjustment on other principles cannot affect a rule so general and so established, (a)
Memorandum. On Wednesday, the 8th day of June, 1814, died, very suddenly, at Wiscasset, the Honorable Samuel Sewall, chief justice of this commonwealth. The day before his decease he was in the exercise of his official duties upon the bench.
Having previously filled many important offices in the government of this commonwealth and of the United. States, in a manner highly honorable to himself, and useful and [ * 255 ] * satisfactory to the public, he was appointed a justice of this Court in the year 1800, in which station he remained until, on the lamented death of the late Chief Justice Pardons, he was appointed to succeed him in that station.
The sudden death of this great and amiable man, and learned and upright judge, was felt as a great public calamity*. The legislature of the commonwealth, being at the time assembled in Boston, passed a resolution that the members would wear a badge of mourning during the remainder of their session, as an expression of their grief for this public bereavement, and of respect and veneration for the memory of this excellent man.
A sketch of ther life and character of the deceased, by his friend and associate, the Honorable Judge Parker, will be found at the close of this volume.
“ Multis file bonis flebilis occidit.”

 Mr. Stevens says, “ It is customary to make this allowance, and unless the ship be perfectly new, that is, on her first voyage, or the materials sacrificed be perfectly new, this deduction is invariably made.” — Stev. Av. 154, 155, 2d ed. — And in Fenwick vs. Robinson, (3 Car. Pay. 324,) Lord Tenterden says, u It is admitted that this rule (to allow a deduction of one third) is not absolutely universal; for if the loss happens on a fit st voyage, the underwriter is not entitled to the deduction.” It has been held that the one third is not to be deducted from the gross amount of the expenses of repairs, but from the balance, after the old materials have been applied towards the repairs; (Byrnes vs. The National Ins. Co. 1 Cowen, 265. — Brooks vs. Oriental Ins Co. 7 Pick. 269 ;) and that this deduction is not to be made in estimating the costs of the repairs, with a view to abandonment, as in case of a partial loss.— Peel & Al. vs. The Merchants' Ins. Co. 3 Mason, 27. — Le Guid. c. 7, 551. —1 D. & E. 187. — 1 M. & S. 30. —3 Johns. Cas. 182. —15 Mass. Rep. 341,